[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13771
Non-Argument Calendar

_____

D.C. Docket Nos. 8:19-cv-01472-WFJ; 8:17-bkc-08959-RCT

In re:

SARAH KATHERINE SUSSMAN,

Debtor.

_____

SARAH KATHERINE SUSSMAN,

Plaintiff - Appellant,

versus

ESTATE OF JOHN J. GAFFNEY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 7, 2020)

Before MARTIN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Sarah Katherine Sussman, a debtor proceeding *pro se*, filed for bankruptcy to obtain a stay of eviction from property formerly owned by her grandfather, John J. Gaffney, on Clark Avenue in Tampa, Florida ("the Property"). The bankruptcy court granted the Estate of John J. Gaffney ("the Estate") relief from the automatic stay, holding that the Property was not part of Debtor's bankruptcy estate because a state court declared the deed conveying the Property to Debtor void before Debtor filed her bankruptcy petition. The bankruptcy court also sanctioned Debtor for intentionally destroying a laptop containing electronically stored information relevant to determining whether Debtor complied with the statutory requirement to take a credit counseling course, applying a rebuttable presumption that Debtor did not take the required course on that laptop. The bankruptcy court deemed Debtor's testimony countering that presumption not credible and dismissed the remainder of Debtor's bankruptcy case for failure to comply with the course requirement. The district court affirmed the bankruptcy court on appeal. After careful review, we too, affirm the bankruptcy court.

## I.    BACKGROUND

This appeal of the bankruptcy court's decision is one of many battles between Debtor and Phillip A. Baumann, the Administrator Ad Litem of the

2

Estate, over claims to the Property.  Before John J. Gaffney, the original owner of the Property, passed away in December 2011, the property was conveyed to Debtor's mother, Teresa M. Gaffney, subject to a life estate retained by Mr. Gaffney.  After Mr. Gaffney passed, Teresa Gaffney conveyed the Property to Debtor as trustee of The Sussman Family Trust Living Trust.

### A.    The State Court Action Divesting Debtor of the Property

Operating under a state probate court order, the Estate Administrator commenced a state court action to recover the Property from Debtor by voiding the deeds that purported to convey title to Teresa Gaffney and Debtor as trustee.  The state court entered defaults against Teresa Gaffney and Debtor following an order that struck their answer and affirmative defenses as a sanction for their refusal to cooperate in discovery and to abide by directives of the court.  The state court entered Final Judgment Upon Default on October 16, 2017, ordering that title to the Property be vested in and held by the Administrator of the Estate.  The state court also directed the state court clerk to issue a writ of possession commanding the sheriff's office to place the Administrator in possession of the property.

### B.    Debtor's Bankruptcy Petition

After service of the writ of possession, Debtor filed this bankruptcy case on October 24, 2017, triggering an automatic stay precluding creditors from collecting debts from Debtor.  In-house counsel for the sheriff's office determined that the

3

automatic stay did not apply to the Property because it was not part of the bankruptcy estate by virtue of the state court order.  Accordingly, the sheriff's office executed the writ of possession on October 25, 2017.  A flurry of motions in the bankruptcy case followed.

Debtor filed an emergency motion to enforce the automatic stay and requested damages, fees, and costs, arguing that execution of the writ of possession dispossessed her of her homestead and violated the automatic stay.  The Estate filed an emergency motion for relief from the stay, a motion to dismiss for Debtor's failure to comply with the requirement of 11 U.S.C. § 109(h)(1) and for fraud on the court, and objections to Debtor's claim of exemptions.  Following a trial on these contested matters, the bankruptcy court issued the order now on appeal.

The bankruptcy court denied Debtor's motion to enforce the automatic stay. It determined that the Property was not property of the bankruptcy estate subject to the automatic stay because Debtor's claim to the Property arose from a deed that was declared void by the state court before her bankruptcy petition was filed.  The bankruptcy court further found that even if Debtor had homestead status under Art. X § 4 of the Florida Constitution before entry of the state court judgment, that status did not provide additional rights or interests in the Property that might be protectable by the automatic stay.  The bankruptcy court declined to consider

Debtor's attacks on the state court judgment because early in the case, and with the parties' agreement, it had modified the automatic stay to allow Debtor's appeal of the judgment to proceed to conclusion in state court. The bankruptcy court further determined that Debtor had been provided ample opportunity to retrieve her personal property and that there had been no willful violation of the stay that would support a claim for damages.

At the same time, the bankruptcy court granted the Administrator's motion for relief from the stay. It concluded that the sole purpose of Debtor's bankruptcy petition "was an attempt to relitigate issues that were or should have been litigated in state court." It further noted that both the state trial court and appellate court had denied Debtor's request for a stay of the judgment pending appeal.

The bankruptcy court also granted the Administrator's motion to dismiss Debtor's case for her failure to complete prepetition credit counseling as required by 11 U.S.C. § 109(h)(1). Although Debtor filed a certificate of completion of a credit counseling course, the course provider's records indicated that the IP address from which the course was taken placed the connected computer in Tampa, Florida, at a time when Debtor was clocked in at work in Washington, D.C. Before trial, the court held a three-day evidentiary hearing relative to Debtor's failure to preserve electronically stored information stored on the laptop computer on which Debtor claims to have taken the credit counseling course. The court

ultimately concluded that Debtor, after being directed to preserve the laptop, destroyed it with the intent to deprive the Administrator of access to the information contained on the laptop.  As a sanction for her misconduct, the court ordered that it would presume that Debtor did not take the credit counseling course on that laptop computer.

After trial, the bankruptcy court found that Debtor did not rebut that presumption because the only evidence that she took the course before filing a bankruptcy petition was her own testimony, which the court deemed not credible. Accordingly, the bankruptcy court dismissed Debtor's case for failure to comply with 11 U.S.C. § 109(h)(1).

On appeal, the district court affirmed the bankruptcy court's holding that the Property was not part of the bankruptcy estate, and therefore not subject to the automatic stay, noting that the Florida Second District Court of Appeal had since affirmed the state court judgment rendering the matter as to property title final and not subject to further review.  The district court also affirmed the sanction for spoliation of electronic evidence stored on Debtor's laptop computer, especially in view of the "very few potential remedies or benefits available to [Debtor] via continuing in bankruptcy."

## II.    DISCUSSION

We discern from Debtor's scattershot appeal, two issues sufficiently developed for appellate review.[1]  First, Debtor asserts that the bankruptcy court erred in relying on the state court judgment to lift the automatic stay and deny her homestead claim.  Second, Debtor maintains that the bankruptcy court erred in finding she intentionally destroyed relevant evidence and imposing an evidentiary sanction that precipitated dismissal of her case.

"As the second court to review the bankruptcy court's judgment, we examine the bankruptcy court's order independently of the district court." *Westgate Vacation Villas, Ltd. v. Tabas (In re Int'l Pharmacy & Disc. II, Inc.)*, 443 F.3d 767, 770 (11th Cir. 2005).  "Specifically, we review determinations of law made by either the district or bankruptcy court de novo, while reviewing the bankruptcy court's findings of fact for clear error."  *Id*.  "[F]indings of fact are not

---

[1]  Debtor waived arguments not raised below or raised in a cursory fashion without citation to authority in her opening brief.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("[I]ssues not raised below are normally deemed waived."); *Sapuppo v. Allstate Floridian Ins. Co.,* 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").  For instance, Debtor asserts the bankruptcy court abused its discretion by failing to grant Debtor's Motion to Disqualify.  But Debtor did not state in her Amended Notice of Appeal that she was appealing any order denying a motion to disqualify.  We typically lack jurisdiction to consider an appeal of an order not specifically mentioned in the appellant's Notice of Appeal.  *Seminole Tribe of Fla. v. Stranburg*, 799 F.3d 1324, 1343 (11th Cir. 2015).  Even if we have jurisdiction to consider the issue, Debtor's cursory allegations of bias, unsupported by record cites and case authority, are insufficient to preserve the issue for appeal.  In any event, after reviewing the record, we harbor no doubt regarding the bankruptcy judge's impartiality.

7

clearly erroneous unless, in light of all the evidence, we are left with the definite and firm conviction that a mistake has been made." *Id.* "Neither the district court nor this Court is authorized to make independent factual findings; that is the function of the bankruptcy court." *In re Sublett*, 895 F.2d 1381, 1384 (11th Cir. 1990).

### A.    The Bankruptcy Court Did Not Err in Relying on the State Court Judgment Divesting Debtor of the Property

We agree with both lower courts in this action that the automatic stay did not apply to the Property because the state court divested Debtor of any interest in the Property before Debtor filed her bankruptcy petition.  Once an individual files a bankruptcy petition, all proceedings against the bankrupt estate are stayed during the pendency of the bankruptcy proceedings.  11 U.S.C. § 362; *Carver v. Carver*, 954 F.2d 1573, 1576 (11th Cir. 1992).  With limited exceptions not applicable here, the bankrupt estate includes "all legal or equitable interests of the debtor in property *as of the commencement of the case*."  11 U.S.C. § 541(a) (emphasis added).  While the issue of whether a debtor's interest constitutes property of the estate is a federal question, "the nature and existence of the [debtor's] right to property is determined by looking at state law." *In re Kalter*, 292 F.3d 1350, 1353 (11th Cir. 2002), quoting *Southtrust Bank of Ala. v. Thomas (In re Thomas)*, 883 F.2d 991, 995 (11th Cir.1989).

Here, it is undisputed that, as of the commencement of Debtor's bankruptcy case, the state court had voided the deeds transferring the Property to Debtor and awarded the Property to the Estate of John Gaffney. Accordingly, the Property was not part of Debtor's bankruptcy estate at the commencement of her case and, consequently, was not subject to the automatic stay.

Although the Florida Second District Court of Appeal affirmed the state court judgment[2] before Debtor filed her opening brief, Debtor contends the bankruptcy court should have declared the state court judgment void for a variety of reasons, including that it violated her homestead rights under the Florida Constitution, the Administrator lacked standing, improper ex parte communications between the state court and the Administrator, and alleged "sexual harassment" by the state court. Those arguments could and should have been raised in the state court proceedings and appeal. The bankruptcy court exercised appropriate discretion in deferring to the ongoing state court matter, especially when the parties agreed to modify the automatic stay to allow Debtor's appeal of the judgment to proceed to conclusion in state court. *See Carver*, 954 F.2d at 1580 (finding bankruptcy court should have abstained under 28 U.S.C. § 1334(c)(1)[3]

---

[2] *Gaffney v. Baumann*, 272 So. 3d 1264 (Fla. Dist. Ct. App. 2019), case dismissed, No. SC19-893, 2019 WL 2307362 (Fla. May 31, 2019), and review dismissed, No. SC19-899, 2019 WL 2315040 (Fla. May 31, 2019).

[3] 28 U.S.C. § 1334(c)(1) provides: "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from

from ruling on state family law involving domestic obligations).  In any event,

Debtor cites no trial evidence supporting her various contentions regarding the

propriety of the state court judgment.  For these reasons, we affirm the bankruptcy

court's denial of Debtor's emergency motion to enforce the automatic stay.

### B.    The Bankruptcy Court Did Not Clearly Err in Finding that Debtor Intentionally Destroyed Relevant Evidence

An individual may not be a debtor in bankruptcy court unless that individual

has received credit counseling from a nonprofit budget and credit counseling

agency.  11 U.S.C. § 109(h)(1).  Although Debtor produced a certificate of course

completion, the parties disputed whether Debtor actually took the credit counseling

course, as opposed to her mother, the salient facts being that Debtor's mother

hastily filed the bankruptcy petition and records indicated the course was taken on

a computer in Tampa, Florida, when Debtor was working in Washington, D.C.

Debtor does not dispute the Estate was denied access to the laptop she allegedly

used to take an online credit counseling course.  After a three-day hearing on

Debtor's motion for spoliation sanctions, the bankruptcy court found that "in

failing to preserve the laptop in question [Debtor] acted with the intent to deprive

the Estate of its use in the litigation between the parties" and, as a sanction,

---

abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

10

presumed that "[Debtor] did not take the required prepetition credit counseling course on the laptop computer that now is destroyed."

Although Debtor admits the laptop was destroyed, she maintains that the record does not support a sanction for spoliation because the Administrator failed to show she destroyed her laptop hard drive in bad faith with intent to obfuscate evidence. Without citation to record evidence, Debtor argues that only she could have accessed the course and that she did so by linking through a VPN that identified the computer location as Tampa, Fl, even though she was in Washington, D.C.

As an initial matter, our review of the bankruptcy court's decision is hampered by Debtor's failure to designate and provide the full evidentiary hearing transcript, much less specifically cite the portions of that record supporting her factual assertions. That alone provides grounds for affirmance. Fed. R. Bankr. P. 8009(b)(1); Fed. R. App. P. 6(b)(2)(B); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("[P]ro se appellants, like appellants represented by counsel, must provide trial transcripts in the appellate record to enable this court to review challenges to sufficiency of the evidence.").

As to the merits, Debtor cites documents allegedly supporting her assertion that she alone took the credit counseling course. Some of that evidence does not appear to have been presented to the bankruptcy court and is not properly

11

considered on appeal.  In any event, the potential existence of countervailing evidence supporting Debtor's position has no bearing on the relevance of the information contained on Debtor's laptop or Debtor's culpability in destroying the laptop.  Debtor's actions deprived the Estate of the single best source of evidence to prove Debtor's noncompliance with 11 U.S.C. § 109(h)(1).

Further, the record before us does not render the bankruptcy court's determination that Debtor acted in bad faith clearly erroneous.  The record reflects that Debtor was informed on multiple occasions of the need to preserve the electronic information on the laptop and that Debtor failed to take reasonable steps to preserve the information.  Moreover, as the bankruptcy court found, Debtor's story regarding the laptop, "change[d] as necessary and convenient to suit her needs."  Debtor waffled between claiming (1) she took the exam on her Mom's laptop which later "died," (2) she ripped out the computer's hard drive and tossed it in the trash shortly after taking the course, and (3) that it was stolen.  The bankruptcy court further deemed Debtor's testimony and demeanor regarding the fate of the laptop "not at all credible."  Debtor fails to address these findings, and we see nothing in the record even suggesting that the bankruptcy court clearly erred in finding that Debtor intentionally destroyed the laptop to deprive the Administrator of evidence.

Under the circumstances, the bankruptcy court acted well within its discretion when it imposed, as a reasonable and measured sanction for Debtor's misconduct, a rebuttable presumption that Debtor did not take the credit counseling course on that laptop computer. *See Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 943 (11th Cir. 2005) (spoliation sanctions reviewed for abuse of discretion). That Debtor's failure to rebut that presumption ultimately led to dismissal of her case does not render the bankruptcy court's decision to impose that sanction an abuse of discretion. *See Flury*, 427 F.3d at 943 (Plaintiff's spoliation of critical evidence that deprives opposing party of an opportunity to put on a complete defense warrants dismissal sanction).

## III.    CONCLUSION

For the reasons explained above, we **AFFIRM** the decision of the district court.